IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 8:05-524-HMH |
| vs. ) | |
| ) | |
| William James Lowery, III, ) | **OPINION & ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on William James Lowery, III's ("Lowery") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and the pertinent law, the court dismisses Lowery's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2005, Lowery was found guilty after a jury trial of one count of conspiracy to distribute or to possess with the intent to distribute 5 kilograms or more of cocaine and one count of possessing with the intent to distribute 5 kilograms or more of cocaine. On January 18, 2006, the court sentenced Lowery to one hundred fifty (150) months' imprisonment. Lowery appealed and the Fourth Circuit affirmed his conviction and sentence on July 11, 2007. United States v. Lowery, No. 06-4099, 2007 WL 2025194, at *2 (4th Cir. July 11, 2007). The mandate was issued on September 4, 2007. Lowery filed the instant § 2255 motion on October 7, 2008.[1]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF THE LAW

In the instant § 2255 motion, Lowery alleges four grounds for relief. First, Lowery alleges that he was denied effective assistance of counsel in that his right to a speedy trial was violated. (Lowery's Mem. Supp. § 2255 Mot. 7.) Second, he states that he was denied effective assistance of counsel because his counsel failed to raise a Batson v. Kentucky, 476 U.S. 79, 97 (1986), challenge when African Americans were struck from the jury based upon race. (Id. at 14.) Third, Lowery argues that his counsel was constitutionally ineffective for failing to investigate potential witnesses and not allowing Lowery to testify. (Id. at 18.) Lastly, Lowery alleges that his counsel was constitutionally ineffective for failing to review evidence that could have changed the outcome of the trial. (Id. at 21-23.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Lowery must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Lowery must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

### A. Speedy Trial Violation

Lowery alleges a "Speedy Trial Violation/Ineffective Assistance of Counsel" claim arguing that he "was not tried within 70 days of first appearance/indictment." (Lowery's § 2255 Mot. 5.) Lowery alleges that his trial counsel was constitutionally ineffective for failing to raise

this claim before the court and his appellate counsel was constitutionally ineffective for failing to raise this issue on appeal. As there was no speedy trial violation, this claim has no merit.

To establish a violation of the Sixth Amendment's guarantee of a speedy trial, Lowery must show that the following factors weigh in his favor: (1) "whether the delay before trial was uncommonly long"; (2) "whether the Government or the defendant is more to blame for the delay"; (3) "whether, in due course, the defendant asserted his right to a speedy trial"; and (4) "whether the defendant suffered prejudice from the delay." See United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995). These factors weigh against Lowery. Even to trigger a speedy trial analysis, Lowery must satisfy the first requirement—that the delay was "presumptively prejudicial." See Doggett v. United States, 505 U.S. 647, 651-52 (1992).

Lowery was indicted on May 10, 2005, and arraigned on May 26, 2005. The Defendant's motion to continue the case was granted at a pretrial conference on June 21, 2005. At the next pretrial conference on August 24, 2005, Lowery retained new counsel and the case was again continued at his request from the September term of court to the next term of court in November. A jury was drawn on November 1, 2005, and Lowery's trial was held on November 14, 2005. Delays of less than one year do not usually satisfy the "presumptive prejudice" standard. See id. at 652 n.1.

Furthermore, even if Lowery could show an unreasonable delay, the other factors weigh against him. Lowery did not raise any objection to the delay and in fact, Lowery contributed to any delay because he retained new counsel to represent him on August 26, 2005. Further, there is no evidence that Lowery has suffered any prejudice from the delay. As such, Lowery's trial

3

and appellate counsel were not constitutionally ineffective for failing to raise a speedy trial claim.

## B. Batson Claim

In his second ground for relief, Lowery alleges that his counsel was ineffective for failing to raise a <u>Batson</u> challenge to the composition of the jury. Lowery states "[t]here were 12 jurors, and 2 alternate jurors on the jury. Out of those 14 individuals, there was only one African American (female). The other African Americans were struck from the jury based on race." (Lowery's § 2255 Mot. 5.) "*Batson* errors are not presumptively prejudicial when raised in an ineffective assistance of counsel claim." <u>United States v. King</u>, 36 F. Supp. 2d 705, 710 (E.D. Va. 1999). Further, Lowery presents no evidence that any other prospective jurors from the randomly drawn panel of 32 were, in fact, African American. Even assuming that African Americans were struck from the list of 32 jurors, Lowery fails to present any evidence that the decision to strike any juror was based on race. "Other than baldly asserting that a *Batson* violation occurred in this case, [Lowery] has made no attempt to demonstrate that the jurors in his case were not impartial, or that there was any adverse effect on the trial's outcome." <u>Id.</u> Based on the foregoing, Lowery's trial and appellate counsel were not constitutionally ineffective for failing to challenge the composition of the jury. Further, Lowery has shown no prejudice.

## C. Witness Investigation and Testimony of Lowery

Lowery alleges that his trial counsel was constitutionally ineffective for failing to investigate Mrs. Thomas and Tina Lowery as potential witnesses because their testimony would have contradicted a key government witness, Lowery's co-defendant, and "would have made a difference in the outcome of the trial." (Lowery's § 2255 Mot. 5.) This claim is without merit.

On April 14, 2005, Lowery was arrested after the Chrysler Pacifica in which he was a passenger was pulled over by police officers. (Lowery's Mem. Supp. § 2255 Mot. 5.) The officers observed the Pacifica traveling Northbound on I-85 following a Mitsubishi Gallant too closely. Both the Gallant and Pacifica were pulled over. The officers soon learned that the driver of the Gallant, Alvin Reed, rented both vehicles and the passengers of both vehicles were traveling to North Carolina. (Id.) After identifying the driver of the Pacifica as Ernest Deas and the passenger as Lowery, a drug detection K-9 conducted an air sniff of the exterior of both vehicles. The K-9 gave a positive alert for the presence of controlled substances in the trunk of the Gallant and the rear cargo area and front passenger door of the Pacifica. After a search of the vehicles, the police officers on the scene discovered "eight kilograms of cocaine wrapped in eight separate packages," "a small clear plastic bag containing cocaine in the driver seat [of the Pacifica]," "44 milligrams of heroin wrapped in a page torn from a magazine," and "a small knife with a small quantity of cocaine found wrapped in paper in the sheath of the knife." (Id. at 6.)

Lowery does not sufficiently demonstrate how any potential witnesses would have assisted him in his defense or negated the substantial evidence against him. Based on the foregoing, Lowery fails to show how his counsel has been constitutionally ineffective or how he has been prejudiced.

Next, Lowery argues that his counsel deprived him of his constitutional right to testify at trial. (Id.) "[A] criminal defendant has a *fundamental* constitutional right to testify in his or her own behalf at trial." United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992). Further, "[t]his right is personal to the defendant and cannot be waived either by the trial court or by

defense counsel." Id. Therefore, "[a] criminal defendant cannot be compelled to remain silent by defense counsel." Id.

During Lowery's trial, the court addressed him outside of the presence of the jury in the following exchange:

| | |
|---|---|
| The Court: | Do the defendants wish to testify? . . . |
| Mr. Johnston: | Your Honor, I have had sufficient time to confer with my client, Mr. Lowery, and he advises he does not wish to testify in the case. |
| The Court: | I would ask for Mr. Lowery . . . to stand up, please. I want you to know, to make sure you understand what I have already told the jury and what I will tell them again at the end of the case, that the burden of proof in a criminal case is always on the Government to prove a defendant guilty beyond a reasonable doubt. A defendant does not have to prove his innocence. And in that connection, you have a right to remain silent during trial and not testify. And I will tell the jury again, if you chose not to testify, that fact cannot be held against you. Do you understand that? |
| Lowery: | Yes, sir. . . . |
| The Court: | Furthermore, I wish for you to know that although you have conferred with your attorney and you should confer with your attorney and seek your attorney's advice as to whether you should testify or not, and your attorney may or may not give you his advice as to whether he thinks that you should testify, I want you to fully understand that the decision as to whether you testify is your decision and your decision alone. Do you understand that? |
| Lowery: | Yes, sir. . . . |
| The Court: | Based on what I have just told you and ask of you, do . . . you have any questions about that? |
| Lowery: | No, sir. |

While the right to testify at trial cannot be waived by defense counsel, "if counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should,

advise the client in the strongest possible terms not to testify." Teague, 953 F.2d at 1533. Thus, "[a]bsent evidence of coercion, legal advice concerning the defendant's right to testify does not constitute ineffective assistance of counsel." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) (noting that "the advice provided by a criminal defense lawyer on whether his client should testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance") (internal quotation marks omitted).

Any advice by counsel to Lowery that he should not testify does not constitute ineffective assistance of counsel. Id. at 249. Further, the court informed Lowery that the decision to testify belonged to him alone, irrespective of any advice he may have received from his counsel, and Lowery confirmed that the decision to not testify was his alone. Therefore, Lowery's claim that his counsel was constitutionally ineffective for not allowing allow him to testify is without merit.

### D. Failure to Admit Evidence at Trial

Finally, Lowery alleges that his counsel was constitutionally ineffective for failing to review the dash camera video from the police vehicle. Other than Lowery's conclusory allegations, there is no evidence that defense counsel did not review the video. According to Lowery, "the dash cams . . . would have impeached the testimony of two government witnesses regarding the knife with cocaine . . . which was taken out of the Gallant which [Lowery] was not a passenger of." (Lowery's Mem. Supp. § 2255 Mot. 22.) Lowery alleges that this evidence "would have changed the outcome of the trial as two government witnesses' testimony would have been in doubt, and it would have supported the Petitioner's position." (Lowery's § 2255 Mot. 6.) This claim is without merit.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 676. Lowery fails to offer sufficient factual basis to support his conclusory claim that the trial's outcome would have been different had this evidence been presented at trial. Lowery does not explain how the video would negate the substantial amount of evidence offered against him at trial. Based on the foregoing, Lowery fails to show that his counsel was constitutionally ineffective or how he has been prejudiced.

Therefore, it is

**ORDERED** that Lowery's § 2255, docket number 137, motion is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 28, 2008

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.